# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LEWIS, | **CIVIL NO.: 1:20-CV-01255** |
| Plaintiff, | (Judge Conner) |
| v. | |
| | (Chief Magistrate Judge Schwab) |
| C.O. CRAIN, *et. al*, | |
| Defendants. | |

# ORDER
November 2, 2020

On July 22, 2020, the plaintiff, Andre Lewis, began this action by filing a complaint (*doc. 1*), a document that Judge Conner construed as a motion for a temporary restraining order and preliminary injunction (*doc. 3*), and a proposed order (*doc. 2*). Judge Conner directed the Clerk of Court to serve those documents on the Acting Chief Counsel of the Pennsylvania Department of Corrections. *See doc. 6*. And he ordered the defendants to respond to Lewis's request for a temporary restraining order. *Id*.

The defendants responded as ordered. *See docs. 9–11*. The defendants also filed a motion to dismiss the complaint and a brief in support of that motion. *See docs. 13, 14*. Lewis then filed a document titled "Request to Withdraw with Leave

to Amend," in which Lewis requested to withdraw his complaint with leave to amend and to proceed with his request for a restraining order. *Doc. 17*.[1]

By an Order dated August 5, 2020, Judge Conner denied Lewis's request for a temporary restraining order. *Doc. 18*. He also referred the case to the undersigned for the purpose of pretrial management, including but not limited to conducting any necessary evidentiary hearing and issuing proposed findings and recommendations on Lewis's motion for a preliminary injunction. *Docs. 18, 20*.

Lewis continued to file documents regarding his conditions of confinement. *Docs. 19, 21–24, 26*. After a telephone conference with Lewis and defense counsel, we ordered the defendants to file a status report regarding Lewis's conditions of confinement, and construing Lewis's "Request to Withdraw with Leave to Amend" as a motion for leave to file an amended complaint, we granted Lewis leave to file an amended complaint. *Doc. 28*.[2] The defendants filed a status report. *Doc. 31*. And

---

[1] Lewis also filed a motion for leave to proceed *in forma pauperis*. *Doc. 15*. That motion has not been decided yet. The court has not received a copy of Lewis's institutional, trust-fund-account statement. By this Order, the Clerk of Court is directed to issue the standard order to the Warden for such information.

[2] The telephone conference also concerned a separate case that Lewis had filed—*Lewis v. Megahan,* 1:20-cv-01410 (M.D. Pa.). At the conference, Lewis indicated that he did not wish to proceed with that case. And that case was subsequently dismissed.

Lewis filed an amended complaint. *Doc. 32*.³ The defendants subsequently filed an answer to the amended complaint. *Doc. 40*. Given that Lewis has filed an amended complaint, we will dismiss as moot the defendants' motion to dismiss the original complaint.

After Lewis filed his amended complaint, he continued to filed documents regarding his request for preliminary injunctive relief, *see docs. 35–36, 41, 47, 51, 53, 55*, and the defendants have filed documents in response, *see docs. 44–46, 52, 54*.

On October 29, 2020, Lewis filed a document titled "Motion to Withdraw Civil Complaint." *Doc. 56*. In this document, Lewis states that he wishes to withdraw his complaint, and he states that he is voluntarily withdrawing his complaint without being threatened by the defendants. *Id*. Although Lewis seeks to withdraw his complaint, it is not clear if he is seeking to voluntarily dismiss this action as he states that he wishes "to withdraw this complaint with leave to amend in

---

³ Before Lewis filed his amended complaint, he filed two documents: the first written on August 14, 2020, in which Lewis again sought to voluntarily withdraw his complaint (*doc. 30*); and the second, written on August 17, 2020, in which Lewis asks us to ignore the first document and claims that he wrote it only because he was threatened and manipulated (*doc. 29*). By an Order dated August 13, 2020, construing these two documents as letters, we stated that we will take no action on them and that the parties shall continue to comply with our previous order. Document 30, however, was titled as a motion, and it remains pending on the docket. Given the above and given that Lewis has filed an amended complaint, to clear up the docket, we will now dismiss that motion as moot.

3

the near future, if the need arises." *Id*. If Lewis voluntarily dismisses this case, he may not file an amended complaint in this case. Lewis also states that he wishes "to have leave from the Courts to refile within the 2 year time limit." *Id*. We could dismiss the case without prejudice, and then Lewis could refile a new case within the statute of limitations. But in that situation, it would be up to the court in connection with the new case to determine any statute-of-limitations issues. Given the uncertain nature of Lewis's motion, we will direct him to state whether he is seeking to voluntarily dismiss this action in accordance with Federal Rule of Civil Procedure 41(a).

Based on the foregoing, it is ordered that Lewis's motion (*doc. 30*) filed on August 28, 2020, is **DISMISSED AS MOOT**. **IT IS FURTHER ORDERED** that the defendants' motion to dismiss the original complaint (*doc. 13*) is **DISMISSED AS MOOT**. **FINALLY, IT IS ORDERED** that Lewis shall inform the court, on or before **November 23, 2020**, whether he is seeking to voluntarily dismiss this case.

                                       *S/Susan E. Schwab*
                                       Susan E. Schwab
                                       United States Chief Magistrate Judge